This memorandum opinion was not selected for publication in the New Mexico Appellate Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **No. A-1-CA-37522**

**CARMEN GONZALES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

The Law Office of Ramsey & Hoon, LLC
Twila A.  Hoon
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1} Defendant appeals following her conviction for DWI. We previously issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded by Defendant's assertion of error. We therefore affirm.

{2} Defendant's challenging on appeal concerns the district court's handling of a closing comment. The prosecutor appears to have invited the jury to reflect upon the evidence presented in support of the DWI charge, as "[i]f you were on the road that night, or if your child [inaudible] . . ." [DS 4] Defendant argued that comment constituted an improper appeal to sympathy or prejudice, and requested a curative instruction. [DS 4-5] The district court denied Defendant's request, and simply ordered the State to "move on." [DS 4]

{3} In her memorandum in opposition Defendant contends that the prosecutor's comment was designed to inflame the jury, and was sufficiently indecorous and prejudicial to her right to a fair trial that the district court's failure to issue a corrective instruction resulted in reversible error. [MIO 2-3] However, as we previously observed, the comment was brief and isolated, and it did not invade any constitutional protection. This weighs against Defendant's assertion of error. *See State v. Sosa*, 2009-NMSC-056, ¶ 31, 147 N.M. 351, 223 P.3d 348 ("[O]ur appellate courts have consistently upheld convictions where a prosecutor's impermissible comments are

brief or isolated."); *State v. Brown*, 1997-NMSC-029, ¶ 23, 123 N.M. 413, 941 P.2d 494 ("The general rule is that an isolated comment made during closing argument is not sufficient to warrant reversal."). Moreover, we remain unpersuaded that the comment was sufficiently egregious to require a different response. "Because trial judges are in the best position to assess the impact of any questionable comment, we afford them broad discretion in managing closing argument." *Sosa*, 2009-NMSC-056, ¶ 25. "Only in the most exceptional circumstances should we, with the limited perspective of a written record, determine that all the safeguards at the trial level have failed. Only in such circumstances should we reverse the verdict of a jury and the judgment of a trial court." *Id.* We conclude that this is not such a case.

{4}     Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

{5}     **IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____

**JULIE J. VARGAS, Judge**


_____

3

**JENNIFER L. ATTREP, Judge**